| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Raymond & Raymond, Attorneys at Law<br>7 Glenwood Avenue, 4TH Floor<br>East Orange, New Jersey 07017<br>(973) 675-5622; (408) 519-6711 Telefax<br>Email: herbertraymond@gmail.com<br>Herbert B. Raymond, Esq.; Jeffrey M.<br>Raymond, Esq., Kevin DeLyon, Esq.<br>Attorneys for the Debtor(s)<br><br>In Re:<br><br>SAFI M. HANAFY, DEBTOR | Case No.:      22-19052 VFP<br><br>Chapter:       13_____<br><br>Adv. No.:      _____<br><br>Hearing Date:  10/17/2024 @ 8:30 A.M.<br><br>Judge:         Vincent F. Papalia, U.S.B.J. |

## CERTIFICATION OF SERVICE

1. I, JEFFREY M. RAYMOND, ESQ. :

   ☐ represent Safi M. Hanafy, the Debtor_ in the this matter.

   ☐ am the secretary/paralegal for _, who represents _ in the this matter.

   ☐ am the _____ in the this case and am representing myself.

2. On September 9, 2024, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

   Chapter 13 Transmittal Letter
   Chapter 13 Plan
   Real Property Appraisal

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date:   September 9, 2024                    /S/ JEFFREY M. RAYMOND, ESQ._
                                             Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie-Ann Greenberg, Esq.<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd.<br>Fairfield, N.J. 07004 | CHAPTER 13 TRUSTEE | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| New Century Financial Services, LLC<br>Attn: Pressler, Felt & Warshaw, LLP<br>7 Ettin Rd.<br>Parsippany, NJ 07054 | STATE COURT ATTORNEYS FOR CREDITOR NEW CENTURY FINANCIAL SERVICES, LLC | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| New Century Financial Services, LLC<br>110 S Jefferson Rd # 104<br>Whippany, NJ 07981<br>Attn: Officer, Managing or General Agent or any Other Agent Authorized By Appointment or By Law to Receive Service of Process | CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| **Name and Address of Party Served** | **Relationship of** | **Mode of Service** |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**

Raymond & Raymond, Attorneys at Law
7 Glenwood Avenue, 4th Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond; Jeffrey M. Raymond, Esq.;
Kevin L. DeLyon, Esq.
Attorneys for the Debtor(s)

In Re:

SAFI M. HANAFY, DEBTOR(S)

Case No.:    22-19052 VFP

Hearing Date:  10/17/24@8:30 am

Judge:    Vincent F. Papalia

## NOTICE OF CHAPTER 13 PLAN TRANSMITTAL

The enclosed ☐ plan, ☒ modified plan is proposed by the debtor and was filed on
_____ September 6, 2024 _____. It has been served on you because the plan contains motions
that may adversely affect your interest.

Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This
Plan may be confirmed and become binding, and included motions may be granted without further
notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court
may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy
Rule 3015. This plan includes motions to avoid or modify a lien, the lien avoidance or modification
may take place solely within the chapter 13 confirmation process. The plan confirmation order alone
will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to
avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien
creditor who wishes to contest said treatment must file a timely objection and appear at the
confirmation hearing to prosecute same.

☒ **Real Property:**

The debtor(s) has valued real property located at 151 Burhans Avenue, Haledon,
New Jersey 07508 _____ [*address*] at $_____ 400,000 _____. The
debtor(s) believes the first lien on the property to be in the approximate amount of $____ 371,377.75

[*insert other liens as appropriate*]. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

The debtor's valuation of the property is based on: (a) comparative market analysis; (b) broker price opinion; (c) appraisal; or (d) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

☐ **Personal Property:**

The debtor(s) has valued personal property described as: _____

_____ at $_____.

The debtor(s) believes the lien on the property to be in the approximate amount of $_____

[*insert other liens as appropriate*]. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

The debtor's valuation of the property is based on: (a) broker price opinion; (b) appraisal; or (c) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

The Confirmation Hearing is scheduled for _____ October 17, 2024 @ 8:30 A.M. _____. Objections to any relief sought in the plan, including relief sought by motion, must be filed with the Clerk of the Bankruptcy Court no later than 7 days prior to the confirmation hearing.

YOU SHOULD CONSULT WITH AN ATTORNEY PROMPTLY, SINCE ENTRY OF AN ORDER OF CONFIRMATION WILL BIND YOU TO ALL OF THE TERMS OF THE CONFIRMED PLAN.

*rev.8/1/17*

STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or unexpired Lease | 1 | Lien Avoidance |

**Last revised: November 14, 2023**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

SAFI M. HANAFY,

       Debtor(s)

Case No.: _____22-19052 VFP_____

Judge: _____Vincent F. Papalia, USBJ_____

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: _September 6, 2024_

☒ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

The Court issued a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the Chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY, AND SPECIFY: ☐ 7a / ☐ 7b / ☐ 7 c.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY, AND SPECIFY: ☒ 7a / ☐ 7b / ☐ 7 c.

Initial Debtor(s)' Attorney: ____/S/ HR____ Initial Debtor: ____/S/ SH____ Initial Co-Debtor: _____

**Part 1:  Payment and Length of Plan**

a.   The debtor shall pay to the Chapter 13 Trustee $ _____450_____ monthly for __21__ months starting on the
     first of the month following the filing of the petition. (If tier payments are proposed) : and then $____220____ per
     month for __15__ months; $_____ per month for _____ months, for a total of __36__ months.

b.   The debtor shall make plan payments to the Trustee from the following sources:

     ☒    Future earnings

     ☒    Other sources of funding (describe source, amount and date when funds are available):

Debtor's children to payoff real estate tax lien and/or real estate tax arrears obligation, due to Haledon Borough Tax
Collector, upon confirmation of modified plan.  No payments by the Trustee on the obligation(s).

c.   Use of real property to satisfy plan obligations:

     ☐ Sale of real property
       Description:

       Proposed date for completion: _____

     ☐ Refinance of real property:
       Description:
       Proposed date for completion: _____

     ☐ Loan modification with respect to mortgage encumbering real property:
       Description:
       Proposed date for completion: _____

d.   ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification. See also
       Part 4.

     ☐ If a Creditor filed a claim for arrearages, the arrearages ☐ will / ☐ will not be paid by the Chapter 13
       Trustee pending an Order approving sale, refinance, or loan modification of the real property.

e.   For debtors filing joint petition:

     ☐ Debtors propose to have the within Chapter 13 Case jointly administered. If any party objects to joint
       administration, an objection to confirmation must be timely filed.  The objecting party must appear at
       confirmation to prosecute their objection.


       Initial Debtor: _____ Initial Co-Debtor: _____

## Part 2: Adequate Protection  ☒ NONE

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).  (Adequate protection payments to be commenced upon order of the Court.)

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s), pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Name of Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $  Supp. Fees |
| DOMESTIC SUPPORT OBLIGATION | | |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Name of Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

**a.  Curing Default and Maintaining Payments on Principal Residence: ☒ NONE**

The Debtor will pay to the Trustee allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor monthly obligations due after the bankruptcy filing as follows:

| Name of Creditor | Collateral or Type of Debt (identify property and add street address, if applicable) | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor by Trustee | Regular Monthly Payment Direct to Creditor |
|---|---|---|---|---|---|
| | | | | | Debtor shall pay the regular monthly payment pursuant to the terms of the underlying loan documents unless otherwise ordered. |

**b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE**

The Debtor will pay to the Trustee allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor monthly obligations due after the bankruptcy filing as follows:

| Name of Creditor | Collateral or Type of Debt (identify property and add street address, if applicable) | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor by Trustee | Regular Monthly Payment Direct to Creditor |
|---|---|---|---|---|---|
| | | | | | Debtor shall pay the regular monthly payment pursuant to the terms of the underlying loan documents unless otherwise ordered. |

**c.  Secured claims to be paid in full through the plan which are excluded from 11 U.S.C. 506: ⊠ NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Interest Rate | Amount of Claim | Total to be Paid Including Interest Calculation by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**d.  Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ⊠ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes all Plan payments, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☒ NONE**

Upon confirmation, the automatic stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 shall be terminated in all respects. The Debtor surrenders the following collateral:

| Name of Creditor | Collateral to be Surrendered (identify property and add street address, if applicable) | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f.   Secured Claims Unaffected by the Plan ☐ NONE**

The following secured claims are unaffected by the Plan:

| Name of Creditor | Collateral (identify property and add street address, if applicable) |
|---|---|
| PNC Bank | Cont'd payments, by the Debtor, no arrears, mortgage loan modified, regarding mortgage against residential real property located at 151 Burhans Avenue, Haledon, New Jersey 07508 |
| PNC Bank | Mortgage encumbering real property located at 10 Lee Avenue, Haledon, New Jersey, no arrears, continued payments, property not owned by the Debtor.  Continued payments, by Debtor's mother, directly to Pnc Bank, on mortgage regarding this property, no arrears. |

**g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE**

| Name of Creditor | Collateral  (identify property and add street address, if applicable) | Amount | Interest Rate | Total Amount to be Paid through the plan by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 5:    Unsecured Claims  ☐ NONE

    **a. Not separately classified** allowed non-priority unsecured claims shall be paid:

        ☐ Not less than $ _____to be distributed *pro rata*

        ☐ Not less than _____percent

        ☒ *Pro Rata* distribution from any remaining funds

    **b. Separately classified unsecured** claims shall be treated as follows:

| Name of Creditor | Basis For Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Name of Creditor | Arrears to be Cured and paid by Trustee | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment to be Paid Directly to Creditor by Debtor |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions    ☐ NONE**

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f). ☐ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Name of Creditor | Nature of Collateral (identify property and add street address, if applicable) | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| New Century Financial Services, LLC | Real property re: 151 Burhans Avenue, Haledon, New Jersey 07508 | Judgment Lien | $5,333.43 | $400,000 (Note, one-half interest with spouse) | $17,000 | Pnc iao $281,377.75; Tax liens iao approx. $90,000. One-Half Interest | Entire Judgment Lien iao $5,333.43. Judgment to be completely avoided. |

b. **Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured. ☒ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Name of Creditor | Collateral (identify property and add street address if applicable) | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☒ NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

d. Where the Debtor retains collateral, upon completion of the Plan and issuance of the Discharge, affected Debtor may take all steps necessary to remove of record any lien or portion of any lien discharged.

## Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c.   Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) Chapter 13 Standing Trustee Fees, upon receipt of funds
2) Counsel Fees and Supplemental Counsel Fees
   To Be Fully Paid Before Any Other Claims Are Paid
3) 
4) Secured Claims
5) Priority Claims
6) Unsecured Claims

**d.  Post-Petition Claims**

The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification    ☐ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: December 5, 2022

Explain below **why** the plan is being modified:

The plan is being filed, consistent with the order, approving the loan modification.  Plan also provides for the strip off of a judgment lien.  No other material changes to the plan.

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒  Yes    ☐  No

## Part 10: Non-Standard Provision(s):

Non-Standard Provisions:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*.

I certify under penalty of perjury that the above is true.

Date: September 6, 2024 _____        /S/ SAFI M. HANAFY _____
                                                  Debtor

Date: _____                  _____

                                                  Joint Debtor

Date: September 6, 2024 _____        /S/ HERBERT B. RAYMOND, ESQ. _____
                                                  Attorney for the Debtor(s)

BL 120  LOT 38.02

## REAL ESTATE VALUE ESTIMATE

**SUBJECT**

Contact  HANAFY — Census Tract 2036.00 — Map Reference DIGITAL
Property Address  151 BURHANS AVE — Check one: ☐ SF ☐ PUD ☐ CONDO ☒ 2-4 Units
City  HALEDON — County PASSAIC — State NJ — Zip Code 07508
Phone No. Res. N/A — Loan Amount $ N/A — Term N/A — Mos. Owner's Est. of Value $ N/A

| No. of Rooms | No. of Bedrooms | No. of Baths | Family room or den | Gross Living Area | Garage/Carport (specify type & no.) | Porches, Patio or Pool (specify) | Central Air |
|---|---|---|---|---|---|---|---|
| 10 | 6 | 3 | ☐ Yes ☒ No | 1,860 Sq. Ft. | driveway | 2 porches | ☐ Yes ☒ No |

**FIELD REPORT**

### NEIGHBORHOOD

Location: ☐ Urban ☒ Suburban ☐ Rural
Built Up: ☒ Over 75% ☐ 25% to 75% ☐ Under 25%
Growth Rate ☒ Fully Dev. ☐ Rapid ☐ Steady ☐ Slow
Property Values: ☒ Increasing ☐ Stable ☐ Declining
Demand/Supply: ☒ Shortage ☐ In Balance ☐ Oversupply
Marketing Time: ☒ Under 3 Mos. ☐ 4-6 Mos. ☐ Over 6 Mos.
Present Land Use  50% 1 Family  30% 2-4 Family  5% Apts. ☐ Condo  15% Commercial  % Industrial  % Vacant  %
Change in Present Land Use ☒ Not Likely ☐ Likely ☐ Taking Place from ___ To ___
Predominant Occupancy ☒ Owner ☒ Tenant  -5 % Vacant
S/F Price Range $ 200,000 to $ 500,000+  $ 235,000 = Predominant Value
S/Family Age 1 yrs. to 150 yrs. Predominant Age 80 yrs.

Property Compatibility / General Appearance of Properties / Appeal to Market — Good Avg Fair Poor (☒ Avg each)

Comments including those factors affecting marketability (e.g. public parks, schools, view, noise)  THE SUBJECT IS LOCATED IN A NEIGHBORHOOD WITH MIXED STYLE DWELLINGS.  ADEQUATE ACCESS TO SCHOOLS, LOCAL SHOPPING AND PUBLIC TRANSPORTATION.

### SUBJECT PROPERTY

Approx. Yr. Blt. 19 11  # Units 2  # Stories THREE
Type (det, duplex, semi/det. etc.)  DETACHED
Design (rambler, split, etc.)  2 FAMILY
Exterior Wall Mat.  aluminum — Roof Mat. ASPHALT
Is the property in a HUD-Identified Special Flood Haz. Area? ☒ No ☐ Yes
Special Energy-Effic. Items  TYPICAL FOR AREA

PROPERTY RATING — Good Avg Fair Poor
Condition of Exterior: ☒ Avg, ☒ Fair
Compatibility to Neighborhood: ☒ Avg
Appeal and Marketability: ☒ Avg

Comments (favorable or unfavorable incl. deferred maintenance)  QUALITY OF CONSTRUCTION CONSIDERED AVERAGE WITH NO RECENT UPDATES NOTED.  2 PORCHES, UNFINISHED BASEMENT, GAS HEAT, 2 FURNACES, sections of the subject's interior, exterior need repairs, a qualified expert may be needed to determine all issues, external condition due to the subject's light busy traffic street location

**MARKET COMPARABLE ANALYSIS**

| ITEM | SUBJECT | COMPARABLE NO. 1 | +(−)$ Adjust. | COMPARABLE NO. 2 | +(−)$ Adjust. | COMPARABLE NO. 3 | +(−)$ Adjust. |
|---|---|---|---|---|---|---|---|
| Address | 151 Burhans Ave HALEDON | 59 Zabriskie St HALEDON | | 460 Belmont Ave HALEDON | | 494 W Broadway HALEDON | |
| Proximity to Sub. | | 0.56 miles N | | 0.72 miles N | | 0.36 miles W | |
| Sales Price | $ | $ 395,000 | | $ 344,999 | | $ 430,000 | |
| Date of Sale/Time Adjustment | DESCRIPTION | DESCRIPTION 04/06/2022 | | DESCRIPTION 04/29/2022 | | DESCRIPTION 05/04/2022 | |
| Location | light traffic street | average | -10,000 | traffic street | +10,000 | traffic street | +10,000 |
| Site/View | .14 ACRE/AVG | .11 ACRE/AVG | | .03 ACRE/AVG | | .15 ACRE/AVG | |
| Age | 111 | 137 | | 150 | | 83 | |
| Condition | avg "as is" | avg "as is" | | avg "as is" | | avg "as is" | |
| Living Area Rm. Count and Total | Total 10 B-rms. 6 Baths 3 | Total 9 B-rms. 4 Baths 3 | | Total 10 B-rms. 4 Baths 2 | +4,000 | Total 11 B-rms. 5 Baths 3 | |
| Gross Living Area | 1,860 Sq. Ft. | 1,849 Sq. Ft. | | 1,494 Sq. Ft. | +13,000 | 2,322 Sq. Ft. | -16,000 |
| Air Conditioning | none | none | | none | | none | |
| Garage/Carport | driveway | driveway | | none | +3,000 | 2 car/driveway | -6,000 |
| Porches, Patio, Pools, etc. | 2 porches | 2 porches | | none | +6,000 | patio | +3,000 |
| | | NONE | | NONE | | NONE | |
| Special Energy-Efficient Items | TYPICAL | TYPICAL | | TYPICAL | | TYPICAL | |
| Other | detached unf bsmt | detached unf bsmt | | semi attached fin bsmt | +20,000 -5,000 | detached fin bsmt | -5,000 |
| Net Adjust. (Total) | | ☐ + ☒ - $ | -10,000 | ☒ + ☐ - $ | 51,000 | ☐ + ☒ - $ | -14,000 |
| Indicated Value Sub. | | $ 385,000 | | $ 395,999 | | $ 416,000 | |

General Comments  see addendum

Completed By JOHN — *John Mack* (signature) — Estimated Value $ 400,000 as of NOVEMBER 25, 2022
Signature — Title NJLRA 42RA00320500 — Date 12/08/2022

[Y2K]

**Supplemental Addendum**

| | | | | | File No. BL 120  LOT 38.02 |
|---|---|---|---|---|---|
| Borrower/Client | HANAFY | | | | |
| Property Address | 151 BURHANS AVE | | | | |
| City | HALEDON | County  PASSAIC | | State  NJ | Zip Code  07508 |
| Lender | | | | | |

INTENDED USER:  THE INTENDED USER OF THIS APPRAISAL INCLUDES THE CLIENT, THE CLIENT'S ATTORNEY AND OR ACCOUNTANT AND ANY THIRD PARTIES.

INTENDED USE:  THE INTENDED USE OF THE APPRAISAL IS TO ESTIMATE THE MARKET VALUE OF THE SUBJECT FOR BANKRUPTCY PURPOSES.

SCOPE OF WORK:  THE SALES AND INCOME APPROACHES TO VALUE WERE USED IN THIS REPORT.  THESE METHODS BEST INDICATE ACTIONS OF THE MARKET FOR THIS TYPE PROPERTY.  THE COST APPROACH WAS ANALYSED BUT NOT USED DUE TO A LACK OF RECENT LAND SALES.

HIGHEST AND BEST USE: THE SUBJECT AS IMPROVED IS A LEGALLY PERMISSIBLE USE BASED ON IT'S CURRENT ZONING.  THE LOT SIZE, SHAPE, PHYSICAL CONDITION AND LAND TO BUILDING RATIO ALLOW THE PRESENT STRUCTURE AND INDICATE A GOOD UTILIZATION OF THE IMPROVEMENTS.  BASED ON CURRENT MARKET CONDITIONS, THE PRESENT USE AND STRUCTURE AS A 2 FAMILY RESIDENCE IS ITS FINANCIALLY FEASIBLE AND MAXIMALLY PRODUCTIVE USE.

THE SUBJECT IS LOCATED IN A B RESIDENCE ZONE (permitted uses include 1 and 2 family dwellings)

ADJUSTMENT BASED ON $4,000 PER FULL BATH. GLA BASED ON $30 PER SQUARE FOOT AND ROUNDED.  ALL SALES CONSIDERED IN THE FINAL DETERMINATION OF MARKET VALUE.

BASED ON A REVIEW OF CURRENT RENTAL DATA IN THIS SPECIFIC MARKET THE TOTAL ESTIMATED GROSS MONTHLY RENT $2,500 X GROSS RENT MULTIPLIER (GRM) 160 = $400,000. (comparable rental data reviewed from the garden state mls)

ADJUSTMENT BASED ON $4,000 PER FULL BATH. GLA BASED ON $35 PER SQUARE FOOT AND ROUNDED.  ALL SALES CONSIDERED IN THE FINAL DETERMINATION OF MARKET VALUE.

A REVIEW OF THE AREA INDICATES SOME PROPERTIES IN THIS MARKET WERE SOLD UNDER DURESS.  THIS ESTIMATE OF MARKET VALUE IS BASED ON THE ASSUMPTION THE SUBJECT WOULD BE EXPOSED ON THE OPEN MARKET UNDER SIMILAR CIRCUMSTANCES.

THE SUBJECT HAS NOT BEEN SOLD IN THE LAST 36 MONTHS.

THE SUBJECT HAS NOT BEEN LISTED FOR SALE IN THE LAST 12 MONTHS.

| | |
|---|---|
| Signature  *John Mack* | Signature _____ |
| Name  JOHN MACK | Name _____ |
| Date Signed  12/8/2022 | Date Signed _____ |
| State Certification # _____ State ____ | State Certification # _____ State ____ |
| Or State License #  42RA00320500  State  NJ | Or State License # _____ State ____ |

Subject flood map – Page 1

 **REALIST**

APN 03-00120-0000-00038-02 | CLIP 4608051560

⊙ 151 Burhans Ave, Haledon, NJ 07508-1441, Passaic County

## STANDARD FLOOD MAP

Flood Zone Determination
**OUT**

Flood Zone Legend
- X500 or X Zone
- A Zone
- V Zone
- D Zone
- Floodway
- Coastal Barrier Resource Area
- Subject Property

| | |
|---|---|
| Special Flood Hazard Area (SFHA) | **Out** |
| Community Participation Status | **R - Regular** |
| Within 250 feet of multiple flood zone | **No** |
| Flood Zone Panel | **340399-0216** |
| Flood Zone Code | **X** |
| Panel Date | **April, 17, 2020** |
| County | **Passaic** |
| Original Panel Firm Date | **March, 16, 1981** |
| FIPS Code | **34031** |
| Coastal Barrier Resource Area (CBRA) | **Out** |
| Community Name | **Haledon, Borough Of** |

**Flood Map** Courtesy of John Mods, NJMLS
The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality. This report is for informational purposes only and is not a Flood Certification Report.

Generated on: 12/08/22 05:33 PM UTC
Page 1/2

Form SCNLGL - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

 **GLOSSARY**

**Flood Zone Determination**

This report provides flood zone information based on the FEMA Flood Insurance Rate Maps (FIRMs). Also provides whether the property location is within a Special Flood Hazard Area (SFHA) and whether the property location is within 250 feet of the SFHA.

**SFHA (Flood Zone)**
Indicates whether the property location is In or Out of a Special Flood Hazard Area (100- Year floodplain).

**Panel**
Two-to-four-digit number and suffix assigned by FEMA for the map panel.

**Within 250 Feet of Flood Zone**
Provides a Yes or No response if the property is within 250 feet of the SFHA boundary.

**Panel Date**
Date of the FEMA map panel.

**Community**
A 6-digit community number code for the community.

**CBRA**
Coastal Barrier Resource Act (CBRA) protects areas that serve as barriers against wind and tidal forces caused by coastal storms, and serves as habitat for aquatic species.Returns In or Out, for identifying whether the property is located within a CBRA zone.

**Community Name**
Name of the community.

**Flood Zone**
Flood zone for the property location based on the FEMA FIRM.

**Map Number**
FEMA Map Number for the Flood Insurance Rate Map.

**FIPS Code**
The five-digit state and county FIPS code.

**Flood Map**  Courtesy of John Mack, NJSLS.

The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.This report is for informational purposes only and is not a Flood Certification Report.

Generated on: 12/08/22 05:33 PM UTC
Page 2/2

File No. BL 120   LOT 38.02

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale. (Source: FDIC Interagency Appraisal and Evaluation Guidelines, October 27, 1994.)

* Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

## STATEMENT OF LIMITING CONDITIONS AND CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:** The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is valued on the basis of it being under responsible ownership.

2. Any sketch provided in the appraisal report may show approximate dimensions of the improvements and is included only to assist the reader of the report in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

4. Any distribution of valuation between land and improvements in the report applies only under the existing program of utilization. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

5. The appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous waste, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. This appraisal report must not be considered an environmental assessment of the subject property.

6. The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

7. The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.

8. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

9. The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent. The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

10. The appraiser is not an employee of the company or individual(s) ordering this report and compensation is not contingent upon the reporting of a predetermined value or direction of value or upon an action or event resulting from the analysis, opinions, conclusions, or the use of this report. This assignment is not based on a required minimum, specific valuation, or the approval of a loan.

Form ACR2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

File No. BL 120  LOT 38.02

**CERTIFICATION:**   The appraiser certifies and agrees that:

1.   The statements of fact contained in this report are true and correct.

2.   The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial and unbiased professional analyses, opinions, and conclusions.

3.   Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.

4.   Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

5.   I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.

6.   My engagement in this assignment was not contingent upon developing or reporting predetermined results.

7.   My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

8.   My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.

9.   Unless otherwise indicated, I have made a personal inspection of the interior and exterior areas of the property that is the subject of this report, and the exteriors of all properties listed as comparables.

10.   Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

**ADDRESS OF PROPERTY ANALYZED:**   151 BURHANS AVE, HALEDON, NJ 07508

**APPRAISER:**

Signature: *John Mack*

Name:   JOHN MACK

Title:

State Certification #:

or State License #:   42RA00320500

State:  NJ   Expiration Date of Certification or License:   12/31/2023

Date Signed:   12/08/2022

**SUPERVISORY or CO-APPRAISER (if applicable):**

Signature:

Name:

Title:

State Certification #:

or State License #:

State:   Expiration Date of Certification or License:

Date Signed:

☐ Did  ☐ Did Not   Inspect Property

Page 2 of 2

Form ACR2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

| Borrower/Client | HANAFY | | | File No. BL 120  LOT 38.02 | | |
|---|---|---|---|---|---|---|
| Property Address | 151 BURHANS AVE | | | | | |
| City | HALEDON | County | PASSAIC | State NJ | Zip Code | 07508 |
| Lender | | | | | | |

## APPRAISAL AND REPORT IDENTIFICATION

This Report is one of the following types:

☒ Appraisal Report    (A written report prepared under Standards Rule 2-2(a) , pursuant to the Scope of Work, as disclosed elsewhere in this report.)

☐ Restricted Appraisal Report    (A written report prepared under Standards Rule 2-2(b) , pursuant to the Scope of Work, as disclosed elsewhere in this report, restricted to the stated intended use by the specified client or intended user.)

## Comments on Standards Rule 2-3

I certify that, to the best of my knowledge and belief:
- The statements of fact contained in this report are true and correct.
- The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
- Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.
- Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.
- I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.
- Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.
- Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

## Reasonable Exposure Time    (USPAP defines Exposure Time as the estimated length of time that the property interest being appraised would have been offered on the market prior to the hypothetical consummation of a sale at market value on the effective date of the appraisal.)
My Opinion of Reasonable Exposure Time for the subject property at the market value stated in this report is:    WITHIN 3 MONTHS
FOR REALISTICALLY PRICED PROPERTIES.

## Comments on Appraisal and Report Identification
Note any USPAP related issues requiring disclosure and any State mandated requirements:
The subject was previously appraised by me in 10/28/2018. (interior, exterior appraisal)

| APPRAISER: | SUPERVISORY or CO-APPRAISER (if applicable): |
|---|---|
| Signature: *John Mack* | Signature: |
| Name: JOHN MACK | Name: |
| State Certification #: | State Certification #: |
| or State License #: 42RA00320500 | or State License #: |
| State: NJ    Expiration Date of Certification or License: 12/31/2023 | State:    Expiration Date of Certification or License: |
| Date of Signature and Report: 12/08/2022 | Date of Signature: |
| Effective Date of Appraisal: NOVEMBER 25, 2022 | |
| Inspection of Subject: ☐ None ☒ Interior and Exterior ☐ Exterior-Only | Inspection of Subject: ☐ None ☐ Interior and Exterior ☐ Exterior-Only |
| Date of Inspection (if applicable): NOVEMBER 25, 2022 | Date of Inspection (if applicable): |

**Subject Photo Page**

| Borrower/Client | HANAFY | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 151 BURHANS AVE | | | | | |
| City | HALEDON | County | PASSAIC | State | NJ | Zip Code 07508 |
| Lender | | | | | | |



### Subject Front

151 Burhans Ave
Sales Price
Gross Living Area          1,860
Total Rooms                10
Total Bedrooms             6
Total Bathrooms            3
Location          light traffic street
View              .14 ACRE/AVG
Site
Quality
Age                        111



### Subject Rear



### Subject Street

**Subject Photo Page**

| Borrower/Client | HANAFY | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 151 BURHANS AVE | | | | | | |
| City | HALEDON | County | PASSAIC | | State | NJ | Zip Code 07508 |
| Lender | | | | | | | |



### Subject Front

151 Burhans Ave
Sales Price
Gross Living Area     1,860
Total Rooms           10
Total Bedrooms        6
Total Bathrooms       3
Location              light traffic street
View                  .14 ACRE/AVG
Site
Quality
Age                   111



### Subject Exterior



### Subject Street

### Subject Photo Page

| Borrower/Client | HANAFY | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 151 BURHANS AVE | | | | | | |
| City | HALEDON | County | PASSAIC | State | NJ | Zip Code | 07508 |
| Lender | | | | | | | |



**Subject Exterior**

151 Burhans Ave
Sales Price
Gross Living Area          1,860
Total Rooms                10
Total Bedrooms             6
Total Bathrooms            3
Location                   light traffic street
View                       .14 ACRE/AVG
Site
Quality
Age                        111



**Subject Exterior**



**Subject Exterior**

## Subject Photo Page

| Borrower/Client | HANAFY | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 151 BURHANS AVE | | | | | | |
| City | HALEDON | County | PASSAIC | State | NJ | Zip Code | 07508 |
| Lender | | | | | | | |



### Subject Exterior

| | |
|---|---|
| 151 Burhans Ave | |
| Sales Price | |
| Gross Living Area | 1,860 |
| Total Rooms | 10 |
| Total Bedrooms | 6 |
| Total Bathrooms | 3 |
| Location | light traffic street |
| View | .14 ACRE/AVG |
| Site | |
| Quality | |
| Age | 111 |



### Subject Exterior



### Subject Exterior

**Interior Photos**

| Borrower/Client | HANAFY | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 151 BURHANS AVE | | | | | |
| City | HALEDON | County | PASSAIC | State | NJ | Zip Code 07508 |
| Lender | | | | | | |

  

  

  

  

  

## Comparable Photo Page

| Borrower/Client | HANAFY | | | | |
|---|---|---|---|---|---|
| Property Address | 151 BURHANS AVE | | | | |
| City | HALEDON | County PASSAIC | | State NJ | Zip Code 07508 |
| Lender | | | | | |



### Comparable 1

59 Zabriskie St

| | |
|---|---|
| Prox. to Subject | 0.56 miles N |
| Sale Price | 395,000 |
| Gross Living Area | 1,849 |
| Total Rooms | 9 |
| Total Bedrooms | 4 |
| Total Bathrooms | 3 |
| Location | average |
| View | .11 ACRE/AVG |
| Site | |
| Quality | |
| Age | 137 |



### Comparable 2

460 Belmont Ave

| | |
|---|---|
| Prox. to Subject | 0.72 miles N |
| Sale Price | 344,999 |
| Gross Living Area | 1,494 |
| Total Rooms | 10 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2 |
| Location | traffic street |
| View | .03 ACRE/AVG |
| Site | |
| Quality | |
| Age | 150 |



### Comparable 3

494 W Broadway

| | |
|---|---|
| Prox. to Subject | 0.36 miles W |
| Sale Price | 430,000 |
| Gross Living Area | 2,322 |
| Total Rooms | 11 |
| Total Bedrooms | 5 |
| Total Bathrooms | 3 |
| Location | traffic street |
| View | .15 ACRE/AVG |
| Site | |
| Quality | |
| Age | 83 |

Location Map

| Borrower/Client | HANAFY | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 151 BURHANS AVE | | | | | | |
| City | HALEDON | County | PASSAIC | State | NJ | Zip Code | 07508 |
| Lender | | | | | | | |

